# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANNE PAPSODERO,**

        **Plaintiff,**

**-vs-**                                    **Case No. 6:07-cv-1182-Orl-22KRS**

**BJ'S WHOLESALE CLUB, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT STIPULATION FOR FINAL ORDER OF DISMISSAL WITH PREJUDICE AND NOTICE OF SETTLEMENT (Doc. No. 5)**
>
> **FILED:**       **August 24, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the joint stipulation for final order of dismissal, doc. no. 5, and the settlement agreement submitted by the parties, doc. no. 9-2, the parties provide that Defendant BJ's Wholesale Club, Inc. will pay Plaintiff Anne Papsodero the full amount of overtime that she alleged is due. When, as here, a case is resolved by payment of the full amount of wages allegedly due under the FLSA, the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

However, paragraph 10 of the settlement agreement contains a confidentiality agreement that should not be approved by the Court. In order for the settlement agreement to be approved, it was necessarily filed in the public record in this case. As such, the settlement agreement is no longer confidential.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, doc. no. 9-2, except for the confidentiality provision in paragraph 10, and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy